CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JED E. FAULKNER,)
)
*Plaintiff*,)
)
v.)
)
PROPERTY AND CASUALTY)
INSURANCE COMPANY OF)
HARTFORD,)
)
*Defendant*.)
)

Civil Action No. 7:10-cv-00205

**Memorandum Opinion**

By: James C. Turk
Senior United States District Judge

This matter comes before the Court on Plaintiff Jed E. Faulkner's ("Faulkner") motion for a protective order to prevent Defendant Hartford Accident and Indemnity Company ("Hartford") from taking his deposition. (Dkt. 19). Hartford responded (Dkt. 22), Faulkner replied (Dkt. 24), and the parties presented oral arguments on February 16, 2011. The matter is now ripe for disposition. For the following reasons, Faulkner's motion for a protective order is **DENIED**.

I.   **Background and Procedural History**

In October 2008, Faulkner was driving northbound on Interstate 95 when Mendoza Melendez allegedly struck Faulkner and forced his vehicle off the road, leaving Faulkner seriously injured. Faulkner has since incurred significant medical expenses and other damages. Mendoza was charged with maiming while driving under the influence, and Faulkner's civil suit is pending in state court. Mendoza has insufficient insurance to cover Faulkner's damages.

Faulkner and Hartford entered into an automobile insurance contract insuring Faulkner for the policy period from August 5, 2008 to August 5, 2009. The policy provided liability

coverage for three different automobiles and named Faulkner a first-class insured under the policy's underinsured motorist ("UM") coverage. Hartford's UM insurance covered Faulkner at the time of his accident.

On May 17, 2010, Faulkner filed a complaint in this Court seeking a declaratory judgment under 28 U.S.C. § 2201 that Hartford must provide him with between $300,000 and $900,000 in UM coverage in connection with the accident. Faulkner alleges that the terms of the insurance contract are arguably ambiguous, and would, if properly construed against the insurer, require Hartford to "stack" the UM coverage of all three insured vehicles. Hartford denies that there is any language in the contract requiring stacking, and asserts that under the clear terms of the contract, Hartford owes Faulkner only $100,000 in UM coverage.

Hartford seeks Faulkner's deposition testimony on the circumstances of and communications regarding his application, purchase, and renewal of the policy he purchased from Hartford. Hartford has assured both Faulkner and the Court that Hartford does not intend to depose Faulkner about his interpretation of specific policy language, nor interpret any case law regarding insurance coverage issues. Despite these assurances, Faulkner seeks a protective order to prohibit Hartford from deposing him regarding the amount and type of insurance he purchased, or, in the alternative, an order to prohibit Hartford from questioning (1) Faulkner's understanding of what insurance he purchased, (2) Faulkner's intent in securing his insurance; (3) the meaning or effect of specific policy terms, or (4) the meaning or effect of any cases governing insurance coverage.

## II.  Standard of Review

Federal Rule of Civil Procedure 26(b) governs discovery, and provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

2

defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). However, a party from whom discovery is sought may seek a protective order forbidding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1).

**III. Analysis**

Virginia courts have consistently held that parties to an insurance contract may use parol evidence to resolve the meaning of any ambiguities. *See S. Ins. Co. of Virginia v. Williams*, 561 S.E.2d 730 (Va. 2002); *Federal Ins. Co. v. Starr Elec. Co.*, 410 S.E.2d 684 (Va. 1991); *Jackson v. N. Am. Assurance Soc. of Virginia, Inc.*, 183 S.E.2d 160 (Va. 1971); *State Farm Mut. Auto Ins. Co. v. Justis*, 190 S.E. 163 (Va. 1937); *Connecticut Fire Ins. Co. v. W.H. Roberts Lumber Co.*, 89 S.E. 945 (1916).

The Supreme Court of Virginia's decision in *State Farm v. Justis* is informative. In *Justis*, the court held that "parol evidence cannot be considered for the purpose of changing 'the agreements, statements, terms, conditions or representations of this policy,' but it may be admitted and considered for the purpose of determining the meaning of the ambiguous language in the contract." *Justis*, 190 S.E. at 167. The court largely based its decision in favor of the insured on the insured's testimony regarding the policy. *Id.* at 168–69. Several federal courts in Virginia have relied on *Justis* in admitting parol evidence to evaluate insurance contracts. *See Spence-Parker v. Maryland Ins. Grp.*, 937 F.Supp. 551 (E.D. Va. 1996); *Piedmont Broad. Corp. v. Ace Am. Ins. Co.*, No. 4:08-cv-00039, 2009 U.S. Dist. LEXIS 60532 (W.D. Va. July 16, 2009); *Levinson v. Mass. Mut. Life Ins. Co.*, No. 4:06-cv-00086, U.S. Dist. LEXIS (E.D. Va. Nov. 9, 2006). Faulkner argues that *Justis* is merely a "dated" and "outlying" case, and that the Federal

courts were wrong to follow it. However, *Justis* has been cited by the Virginia Supreme Court itself several times, most recently in 2005, and is cited in the latest edition of Couch on Insurance. *See Dowling v. Rowan*, 621 S.E.2d 397 (Va. 2005); *First Am. Title Ins. Co. v. Seaboard Sav. & Loan Ass'n*, 315 S.E.2d 842 (Va. 1984); *Ayres v. Harlesville Mut. Cas. Co.*, 2 S.E.2d 303 (Va. 1939); Couch on Insurance §§ 21:15, 253:96 (2010); *see also Nationwide Mut. Ins. Co. v. Akers*, 340 S.E.2d 150 (4th Cir. 1965). *Justis* is thus controlling law in Virginia on this point and the rule admitting parol evidence on ambiguous insurance policy terms will be given effect in this Court.

Because parol evidence is admissible to resolve some contractual ambiguities, Hartford's proposed deposition of Faulkner appears reasonably calculated to lead to the discovery of admissible evidence. Even if Faulkner's deposition testimony is later found to be inadmissible at trial for some reason, Hartford's deposition of Faulkner is not improper. The deposition may, in fact, *not* produce admissible evidence; but there remains the possibility that it will. Hartford's intent in deposing Faulkner is therefore proper. Furthermore, the deposition will not unduly prejudice Faulkner. Hartford's deposing Faulkner will not cause him any major annoyance, embarrassment, oppression, or undue burden or expense. The scope of the proposed discovery is narrow and Faulkner's deposition is not likely to cause him any great disturbance. Because Hartford's purpose is proper, and because Faulkner is not unduly prejudiced by this discovery request, he is not entitled to a protective order under Rule 26(c)(1).

### IV. Conclusion

For the reasons stated above, Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) (Dkt. 19) is **DENIED**. The Clerk of Court is directed to send a

copy of this Memorandum Opinion and accompanying Final Order to counsel of record for both parties.

ENTER: This 28th day of February, 2011.

/s/ James C. Turk
Senior United States District Judge